IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV, <br><br> Plaintiffs, <br><br> v. <br><br> TOLMAR, INC., TOLMAR THERAPEUTICS, INC., TOLMAR PHARMACEUTICALS, INC. and TOLMAR HOLDING, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Janssen Pharmaceuticals, Inc. ("JPI") and Janssen Pharmaceutica NV ("JPN") (collectively "Plaintiffs" or "Janssen"), for their Complaint against Defendants Tolmar, Inc., Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holding, Inc. (collectively, "Tolmar" or "Defendants"), hereby allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for infringement of United States Patent No. 9,439,906 (the "'906 Patent").

2. This action relates to the submission of an Abbreviated New Drug Application ("ANDA") by Tolmar to the United States Food and Drug Administration ("FDA") seeking approval for Defendants to market a generic version of JPI's Invega Sustenna® brand products in the United States prior to the expiration of the '906 Patent.

**THE PARTIES**

3. JPI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

4. JPN is a corporation organized and existing under the laws of Belgium, having its principal place of business at Turnhoutseweg, 30, B-2340, Beerse, Belgium.

5. On information and belief, Tolmar, Inc., is a corporation organized and existing under the laws of Delaware, having a principal place of business at 701 Centre Ave., Fort Collins, CO 80526. Upon information and belief, Tolmar, Inc., is an agent or affiliate of Tolmar Therapeutics, Inc., and Tolmar Pharmaceuticals, Inc., and is a wholly-owned subsidiary of Tolmar Holding, Inc.

6. On information and belief, Tolmar Therapeutics, Inc., is a corporation organized under the laws of Delaware, having its principal place of business at 701 Centre Ave., Fort Collins, CO 80526. Upon information and belief, Tolmar Therapeutics, Inc., is an agent or affiliate of Tolmar, Inc., and Tolmar Pharmaceuticals, Inc., and is a wholly-owned subsidiary of Tolmar Holding, Inc.

7. On information and belief, Tolmar Pharmaceuticals, Inc., is a corporation organized under the laws of Delaware, having its principal place of business at 485 Half Day Road, Suite 400, Buffalo Grove, IL 60089. Upon information and belief, Tolmar Pharmaceuticals, Inc., is an agent or affiliate of Tolmar, Inc., and Tolmar Therapeutics, Inc., and is a wholly-owned subsidiary of Tolmar Holding, Inc.

8. On information and belief, Tolmar Holding, Inc., is a corporation organized under the laws of Delaware, having its principal place of business at 701 Centre Ave., Fort Collins,

CO 80526.  Upon information and belief, Tolmar Holding, Inc., is the parent company of Tolmar, Inc., Tolmar Therapeutics, Inc., and Tolmar Pharmaceuticals, Inc.

9. On information and belief, Tolmar, Inc., Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holding, Inc., are pharmaceutical companies that develop, manufacture, market, and distribute pharmaceutical products, including generic pharmaceutical products, for sale in the State of Delaware and throughout the United States.

10. On information and belief, Tolmar, Inc., Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holding, Inc., are acting in concert to develop, manufacture, market, and/or distribute generic pharmaceutical products, including the proposed generic version of Invega Sustenna described in ANDA No. 211995, for sale in the State of Delaware and throughout the United States.

11. On information and belief, Tolmar, Inc., Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holding, Inc., along with other subsidiaries of Tolmar Holding, Inc., hold themselves out as a single entity for the purposes of manufacturing, selling, marketing, distribution, and importation of generic drug products in Delaware and throughout the United States.

12. On information and belief, Tolmar, Inc., Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holding, Inc., are agents of each other with respect to formulating, manufacturing, packaging, marketing and/or selling pharmaceutical products throughout the United States and will do the same with respect to the product for which they have sought approval from the FDA in ANDA No. 211995.

13. On information and belief, Tolmar, Inc., together with its affiliates and/or agents Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holdings, Inc., filed the Tolmar ANDA No. 211995 with the FDA that is at issue in this patent infringement suit.

14. On information and belief, Tolmar, Inc., is acting on behalf of itself and on behalf of Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holding, Inc., with respect to ANDA No. 211995.

## JURISDICTION AND VENUE

15. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271(e)(2), including an action seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over Tolmar, Inc., Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc. and Tolmar Holding, Inc., because, *inter alia*, they are each organized under the laws of Delaware, and therefore are residents of Delaware and are subject to the laws and protection of the State of Delaware.

18. This Court also has personal jurisdiction over Defendants because, *inter alia*, they have committed an act of patent infringement under 35 U.S.C. § 271(e)(2), and intend a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware. For example, on information and belief, following approval of ANDA No. 211995, Defendants will make, use, sell, and/or offer for sale their proposed generic versions of JPI's Invega Sustenna® brand products in, or import those products into, the United States, including in Delaware, prior to the expiration of the '906 Patent.

19. Exercising personal jurisdiction over Defendants in this district would not be unreasonable given their contacts with this district and this district's interest in resolving disputes related to products to be sold in Delaware.

20. This Court also has personal jurisdiction over Defendants because they have purposefully availed themselves of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the State of Delaware. On information and belief, Defendants regularly and continuously transact business within Delaware, either directly or through their affiliates and/or agents, including by selling pharmaceutical products in Delaware. On information and belief, Defendants derive substantial revenue from the sale of those products in Delaware and have availed themselves of the privilege of conducting business within Delaware.

21. This Court also has personal jurisdiction over Defendants because, *inter alia*, this action arises from their actions directed toward Delaware. For example, Tolmar, Inc., sent a letter dated November 12, 2021 to Plaintiffs stating that Tolmar, Inc., had submitted ANDA No. 211995 seeking approval to commercially manufacture, use, sell, offer for sale, and/or import its proposed generic versions of JPI's Invega Sustenna® brand products prior to the expiration of the '906 Patent. If Tolmar, Inc., succeeds in obtaining FDA approval, it will sell its proposed generic versions of JPI's Invega Sustenna® brand products in Delaware and other states, either directly or through its affiliates and/or agents Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and/or Tolmar Holding, Inc., causing injury to Plaintiffs in Delaware.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Defendants are incorporated under the laws of Delaware.

## **THE PATENT-IN-SUIT**

23. On September 13, 2016, the '906 Patent, titled "Dosing Regimen Associated with Long Acting Injectable Paliperidone Esters" was duly and legally issued to JPN as assignee. A copy of the '906 Patent is attached as Exhibit A.

24. JPI holds approved NDA No. 022264 for paliperidone palmitate extended release injectable suspension, which is prescribed and sold under the trademark Invega Sustenna®.

25. Pursuant to 21 U.S.C. § 355(b)(1), the '906 Patent is listed in the United States FDA publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") as covering JPI's Invega Sustenna® brand paliperidone palmitate extended release suspension products.

26. Invega Sustenna® is indicated for treatment of schizophrenia in adults and treatment of schizoaffective disorder in adults as a monotherapy and as an adjunct to mood stabilizers or antidepressants.

27. This is the fourth Hatch-Waxman litigation involving the '906 Patent. Following a three-week bench trial in the first case, Judge Cecchi of the District of New Jersey rejected all of Teva's challenges to the '906 Patent and concluded that no finding of invalidity should issue as to any claim. *See Janssen Pharms., Inc. v. Teva Pharms. USA, Inc.*, No. 2:18-cv-00734, 2021 WL 5323737, at *1 (D.N.J. Nov. 16, 2021). Final judgment in the second case, *Janssen Pharms., Inc., v. Mylan Lab'ys Ltd.,* No. 2:19-cv-16484 (CCC) (LDW) (D.N.J.), reflecting the final judgment in the *Teva* case is due to be entered presently. The third case, *Janssen Pharms., Inc., v. Pharmascience, Inc.,* No. 2:19-cv-21590 (CCC) (LDW) (D.N.J.), is nearing the completion of expert discovery.

## COUNT I: INFRINGEMENT OF THE '906 PATENT BY TOLMAR'S ANDA FOR INVEGA SUSTENNA®

28. Plaintiffs re-allege paragraphs 1-27 as if fully set forth herein.

29. An actual controversy exists between the parties as to whether Defendants' proposed sale of their generic paliperidone palmitate extended-release injectable suspension products infringe claims 1-21 of the '906 Patent.

30. By letter dated November 12, 2021 ("Tolmar Notice Letter"), Tolmar, Inc., notified Plaintiffs that it had submitted ANDA No. 211995 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Tolmar Notice Letter stated that ANDA No. 211995 seeks FDA approval to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into, the United States, including the State of Delaware, of generic paliperidone palmitate extended-release injectable suspension products prior to the expiration of certain of JPN's Orange Book listed patents.  ANDA No. 211995 specifically seeks FDA approval to market generic versions of JPI's Invega Sustenna® brand paliperidone palmitate extended-release injectable suspension products in 39 mg, 78 mg, 117 mg, 156 mg, and 234 mg doses prior to the expiration of the '906 Patent.

31. ANDA No. 211995 includes a Paragraph IV Certification that the claims of the '906 Patent are invalid, unenforceable, and/or not infringed.

32. Upon information and belief, the Tolmar Notice Letter was sent to Plaintiffs via overnight mail no earlier than November 12, 2021.

33. The Tolmar Notice Letter was subsequently received by Plaintiffs on November 15, 2021, and Plaintiffs are commencing this action within 45 days of the date of receipt of the Tolmar Notice Letter.

34. The Tolmar Notice Letter purports to include a Notice of Certification for ANDA No. 211995 under 37 C.F.R. § 314.95(c)(6) as to the '906 Patent. The Tolmar Notice Letter did not include a detailed statement of allegations of non-infringement as to any claims of the '906 Patent.

35. Defendants have actual knowledge of the '906 Patent, as shown by the Tolmar Notice Letter.

36. On information and belief, Defendants' generic products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, claims 1-21 of the '906 Patent, under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

37. On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed claims 1-21 of the '906 Patent by submitting, or causing to be submitted, to the FDA ANDA No. 211995 seeking approval to manufacture, use, offer to sell or sell in, or import into, the United States, Defendants' generic products before the expiration date of the '906 Patent. Upon information and belief, the products described in ANDA No. 211995 would infringe, either literally or under the doctrine of equivalents, claims 1-21 of the '906 Patent under 35 U.S.C. § 271(e)(2)(A).

38. On information and belief, upon approval of ANDA No. 211995, physicians and/or patients will directly infringe claims 1-21 of the '906 Patent by use of Defendants' generic products.

39. On information and belief, upon approval of ANDA No. 211995, Defendants will take active steps to encourage the use of Defendants' generic products by physicians and/or patients with the knowledge and intent that Defendants' generic products will be used by physicians and/or patients in a manner that infringes claims 1-21 of the '906 Patent for

the pecuniary benefit of Defendants. Pursuant to 21 C.F.R. § 314.94, Defendants are required to copy the FDA-approved Invega Sustenna® labeling. Defendants specifically intend their generic paliperidone palmitate products to be used according to their proposed labeling in a manner that infringes claims 1-21 of the '906 Patent. Upon information and belief, Defendants will thus induce the infringement of claims 1-21 of the '906 Patent.

40. On information and belief, if the FDA approves ANDA No. 211995, Defendants will sell or offer to sell their generic products specifically labeled for use in practicing claims 1-21 of the '906 Patent, wherein Defendants' generic products are a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic products in accordance with the instructions and/or label provided by Defendants in practicing claims 1-21 of the '906 Patent, and wherein Defendants' generic paliperidone palmitate extended-release injectable suspension products are not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendants' generic paliperidone palmitate extended-release injectable suspension products are specifically designed for use in a manner that infringes claims 1-21 of the '906 Patent. On information and belief, Defendants will thus contribute to the infringement of claims 1-21 of the '906 Patent.

41. On information and belief, the actions described in this Complaint relating to Tolmar's ANDA No. 211995 were done by and for the benefit of Defendants.

42. Plaintiffs will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

43. This is an exceptional case, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

A. Enter judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed claims 1-21 of the '906 Patent through Defendants' submission of ANDA No. 211995 to the FDA to obtain approval to manufacture, use, import, offer to sell, and sell Defendants' proposed generic versions of JPI's Invega Sustenna® brand product identified in this Complaint in the United States before the expiration of the '906 Patent;

B. Enter judgment under 35 U.S.C. § 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Defendants' proposed generic versions of JPI's Invega Sustenna® brand products identified in this Complaint, prior to the expiration of the '906 Patent, constitutes infringement of one or more claims of the '906 Patent under 35 U.S.C. § 271(a), (b), or (c);

C. Order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 211995 be a date that is not earlier than the expiration date of the '906 Patent, or such later date as the Court may determine;

D. Order that Defendants, their affiliates, officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, are preliminarily and permanently enjoined from manufacturing, using, importing, offering for sale, and selling Defendants' proposed generic versions of JPI's Invega Sustenna® brand products identified in this Complaint, and any other product that infringes or contributes to the infringement of the '906 Patent, prior to the expiration of the '906 Patent, or such later date as the Court may determine;

E. If Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the proposed generic versions of JPI's Invega Sustenna® brand products identified in this Complaint prior to the expiration of the '906 Patent, a Judgment awarding damages to Plaintiffs resulting from such infringement with interest;

F. Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorneys' fees; and

G. Award such further and other relief that the Court deems proper and just.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
|  | */s/ Jack B. Blumenfeld* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street |
| Barbara L. Mullin<br>Aron Fischer<br>Andrew D. Cohen<br>Meghan Larywon<br>PATTERSON BELKNAP WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY  10036-6710<br>(212) 336-2000 | P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV* |

December 21, 2021