**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV,<br><br>    Plaintiffs,<br>v.<br><br>TOLMAR, INC.,<br><br>    Defendant. | C.A. No. 21-1784-WCB |

**TOLMAR'S MOTION *IN LIMINE* TO PRECLUDE JANSSEN FROM
REFERRING TO COURT ORDERS AND RULINGS IN OTHER LITIGATION
<u>PROCEEDINGS REGARDING U.S. PATENT NO. 9,439,906</u>**

I.      **Introduction and Background**

Defendant Tolmar, Inc. ("Tolmar") respectfully moves to preclude Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV (collectively "Janssen") from making any mention or reference to court orders and rulings in other litigation proceedings regarding U.S. Patent No. 9,439,906 ("the '906 patent"), including but not limited to court orders and rulings in *Janssen Pharmaceuticals, Inc., et al. v. Teva Pharmaceuticals USA, Inc.*, No. 2:18-cv-734 (D.N.J.), *appeal filed* (Fed. Cir. 22-1258) ("the *Teva* litigation"), *Janssen Pharmaceuticals, Inc., et al. v. Mylan Laboratories Limited*, No. 2:19-cv-16484 (D.N.J), *Janssen Pharmaceuticals, Inc., et al. v. Pharmascience Inc. et al.*, No. 2:19-cv-21590 (D.N.J.), *Janssen Inc. and Janssen Pharmaceutica N.V. v. Teva Canada Limited*, 2020 FC 593 (involving the Canadian counterpart patent of the '906 patent), and *Janssen Pharmaceuticals, Inc., et al. v. Accord Healthcare, Inc.*, No. 2:22-cv-856 (D.N.J.). While evidence that has been developed in other litigation concerning the '906 patent may be used at trial, Janssen should be precluded from referencing court orders and rulings issued in those proceedings as they are not binding, involve non-identical invalidity positions between non-identical parties, and the probative value of any such evidence is outweighed by a danger of unfair prejudice, confusing the issues, undue delay, and wasting time.

Throughout this proceeding, Janssen has referenced court orders or rulings in other litigation concerning the '906 patent as evidence in support of its claims and defenses in the current matter. For example, in response to an interrogatory propounded by Tolmar seeking information regarding the conception and reduction to practice of the claims of the '906 patent, Janssen referred Tolmar to Judge Cecchi of the District of New Jersey's opinion, as well as an order, issued in the *Teva* litigation. Ex. 1 at 13-16.[1] During the deposition of Tolmar's commercial success expert Dr.

---

[1] All exhibits are appended to the Declaration of Madison J. Scaggs filed herewith.

Vander Veen, Janssen's counsel inquired whether Dr. Vander Veen "had an understanding as to what the district court found" in a prior case involving the '906 Patent and asked, "[s]o it's not relevant that – that previously we were found to be credible by – by a district court judge?" Ex. 2, Deposition of T. Vander Veen, M.D., at 124:16-18; 125:1-3. Most recently, Janssen made several references to rulings in other proceedings in its Opening Brief in Support of Its Motion for Summary Judgment that Certain References Are Not Prior Art, including Judge Cecchi's opinion in the *Teva* litigation and a Canadian court's opinion involving the Canadian counterpart patent of the '906 patent. D.I. 102 at 1, 2, 6, 7.

## II. Janssen Should Be Excluded from Referencing Court Orders and Rulings in Other Litigation Proceedings Regarding the '906 Patent

Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Federal Rule of Evidence 403, courts can exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay, and wasting time. Fed. R. Evid. 403.

The court orders and rulings in other litigation proceedings concerning the '906 Patent are irrelevant, as they are not binding on this Court. Moreover, Tolmar has defenses that were not present in other proceedings concerning the '906 patent, including the *Teva* Litigation. For example, Tolmar asserts Kramer and other prior art renders the claims of the '906 patent invalid as obvious. D.I. 102 at 2; D.I. 104 at 1. In addition, Tolmar asserts the claims of the '906 patent are invalid for lacking enablement and written description of the monthly (± 7 days) dosing windows. D.I. 104 at 3. As such, any reference by Janssen to these prior court orders and rulings is irrelevant, has little probative value and would create a substantial danger of unfair prejudice, confusing the issues, undue delay, and wasting time. Janssen should be precluded from making

reference to, relying on, or presenting argument about prior court orders and rulings in other litigation proceedings regarding the '906 patent.

Respectfully submitted,

| | |
|---|---|
| Dated: September 8, 2023 | /s/ Adam W. Poff |
| | Adam W. Poff (No. 3990) |
| | Pilar G. Kraman (No. 5199) |
| | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| | Rodney Square |
| | 1000 North King Street |
| | Wilmington, Delaware 19801 |
| | Phone: (302) 571-6600 |
| | apoff@ycst.com |
| | pkraman@ycst.com |
| | |
| | Kevin P. Shortsle |
| | David C. Van Dyke |
| | R. Saleha Mohamedulla |
| | Daniel A. Balavitch |
| | Madison A. Scaggs |
| | **HOWARD & HOWARD ATTORNEYS PLLC** |
| | 200 South Michigan Avenue, Suite 1100 |
| | Chicago, Illinois 60604 |
| | (312) 456-3682 | Fax: (312) 939-5617 |
| | KShortsle@HowardandHoward.com |
| | |
| | ***Attorneys for Defendant/Counterclaim Plaintiff*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2023, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jeremy A. Tigan
MORRIS, NICHOLS, ARSHT
 &TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

Barbara L. Mullin
Aron Fischer
Andrew D. Cohen
Meghan Larywon
Zhiqiang Liu
J. Jay Cho
Lachlan S. Campbell-Verduyn
Joyce L. Nadipuram
Anna Boltyanskiy
PATTERSON BELKNAP WEBB
 & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
bmullin@pbwt.com
afischer@pbwt.com
acohen@pbwt.com
mlarywon@pbwt.com
zliu@pbwt.com
jcho@pbwt.com
lcampbellverduyn@pbwt.com
jnadipuram@pbwt.com
aboltyanskiy@pbwt.com


YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 21-1784 (WCB) (SRF) ) |
| TOLMAR, INC., | ) ) |
| Defendant. | ) |

**JANSSEN'S OPPOSITION TO TOLMAR'S MOTION *IN LIMINE* TO PRECLUDE JANSSEN FROM REFERRING TO COURT ORDERS AND RULINGS IN LITIGATION PROCEEDINGS REGARDING U.S. PATENT NO. 9,439,906**

OF COUNSEL:

Barbara L. Mullin
Andrew D. Cohen
Aron R. Fischer
Meghan Larywon
Zhiqiang Liu
J. Jay Cho
Joyce L. Nadipuram
Lachlan S. Campbell-Verduyn
Anna Boltyanskiy
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

September 15, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV*

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. TOLMAR'S EVIDENTIARY OBJECTIONS ARE NOT APPROPRIATE FOR PRE-TRIAL RESOLUTION..................................................................................................1

III. THERE IS NO BASIS TO PRECLUDE JANSSEN FROM MENTIONING PRIOR RULINGS IN ARGUMENTS TO THE COURT ............................................................3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*APEX Fin. Options, LLC v. Gilbertson*,
   No. 19-0046-WCB, 2022 WL 622130 (D. Del. Mar. 3, 2022)..............................................2, 3

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 18-452-WCB, 2022 WL 2800911 (D. Del. June 27, 2022)...........................................1, 2

*LL B Sheet 1, LLC v. Loskutoff*,
   362 F. Supp. 3d 804 (N.D. Cal. 2019) .......................................................................................3

**Other Authorities**

Fed. R. Evid. 403 ...........................................................................................................................2, 3

**I.      INTRODUCTION**

Tolmar seeks a blanket order prohibiting Janssen from "making reference to, relying on, or presenting argument about prior court orders and rulings in other litigation proceedings regarding [U.S. Patent No. 9,439,906] (the "906 Patent")." Tolmar's Motion *in Limine* to Preclude Janssen from Referring to Court Orders and Rulings in Litigation Proceedings Regarding U.S. Patent No. 9,439,906 (hereinafter "Prior Orders Mot.") at 2-3. But to the extent that those rulings are relevant to the present proceedings, there is no basis for precluding reference to them. For example, in *Janssen Pharmaceuticals, Inc., et al. v. Teva Pharmaceuticals USA, Inc.*, No. 2:18-cv-734 (D.N.J.) (the "*Teva* litigation"), Janssen sought to add two scientists, Srihari Gopal and Mahesh Samtani, as named inventors to the 906 Patent. After receiving extensive testimony and documentary evidence, the district court agreed that they were inventors, and ordered that correction to the 906 Patent. In this case, Tolmar has made vague assertions of a 102(f) challenge to the 906 Patent. *See* Ex. A at 65–68.[1] Since this was not addressed in Tolmar's expert reports but will allegedly be developed at trial, it is impossible for Janssen to predetermine what evidence or arguments might be relevant to a response. To the extent the prior district court order is relevant to the inventorship—or any other issue that Tolmar may raise at trial—there is no reason to handcuff the parties from referring to it. This is particularly true here; this is a bench trial in which the fact-finder cannot be, and does not need to be, shielded from hearing attorney argument. Tolmar's motion is overbroad and premature and should be denied.

**II.     TOLMAR'S EVIDENTIARY OBJECTIONS ARE NOT APPROPRIATE FOR PRE-TRIAL RESOLUTION**

To the extent Tolmar seeks to preclude Janssen from introducing prior court rulings as evidence, the "motion is premature because the court is not able to determine whether" prior court

---

[1] "Ex. __" refers to exhibits appended to the Declaration of Joyce L. Nadipuram, filed herewith.

1

orders and rulings "may be relevant and admissible for [a] limited purpose[ ]." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2022 WL 2800911, at *5 (D. Del. June 27, 2022) (citation omitted). In its motion, Tolmar represents that it will rely on evidence from prior litigations to prove its case. *See* Prior Orders Mot. at 1. Its pretrial disclosures confirm this. For example, Tolmar disclosed six sets of testimony designations from the *Teva* litigation. Ex. B. Tolmar also placed on its exhibit list all eleven volumes of the *Teva* litigation trial transcript—which would include any trial rulings made by the *Teva* court. Ex. C. Before knowing how Tolmar will affirmatively rely on these materials from the *Teva* litigation, it would be improper to broadly preclude Janssen from mentioning, referring to, or presenting arguments on the orders and rulings from the *Teva* litigation.

Tolmar argues that these orders and rulings are irrelevant because "they are not binding on this Court" and "involve non-identical invalidity positions between non-identical parties." Prior Orders Mot. at 1, 2. But Janssen does not intend to argue that prior court rulings are binding on this Court or that they involved identical parties. There is no basis to preclude evidence of *all* prior court orders and rulings under any circumstance at any time during trial. If the issue arises at trial, the Court can rule on relevance then. *See IOENGINE*, 2022 WL 2800911, at *5.

Any Rule 403 objections can similarly be addressed at trial. Tolmar argues that "any reference by Janssen to these prior court orders and rulings . . . has little probative value and would create a substantial danger of unfair prejudice, confusing the issues, undue delay, and wasting time." Prior Orders Mot. at 2 (emphasis added). This "assertion is not persuasive because this case is being tried to the court rather than a jury. Courts in this district have consistently exercised restraint in applying Rule 403 in a bench trial 'because the Court is capable of assessing the probative value of the [evidence] and excluding any arguably improper inferences.'" *APEX Fin.*

2

*Options, LLC v. Gilbertson*, No. 19-0046-WCB, 2022 WL 622130, at *1 (D. Del. Mar. 3, 2022) (citing cases) (alteration in original). Here, as with any relevance objections, the Court can entertain Rule 403 objections at trial.

### III. THERE IS NO BASIS TO PRECLUDE JANSSEN FROM MENTIONING PRIOR RULINGS IN ARGUMENTS TO THE COURT

Tolmar's motion does not appear to be limited to evidentiary objections. It complains, for example, that Janssen referred to prior Canadian rulings in summary judgment briefing. Prior Orders Mot. at 2. To the extent Tolmar is asking the Court to preclude Janssen from referring to prior court rulings in arguments to the Court, there is no basis to do so. Attorney argument is not governed by the Rules of Evidence. Although Janssen has never placed undue weight on prior court rulings in its arguments to the Court and does not intend to do so, the Court should deny Tolmar's request to issue a blanket order limiting what Janssen can argue. *See, e.g*, *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 812 (N.D. Cal. 2019) ("The Court does not consider objections to attorney argument, as opposed to objections to evidence submitted by the opposing party. Defendant almost exclusively objects to attorney argument that the Court declines to rule on individually.").

\*   \*   \*

For the foregoing reasons, Tolmar's motion *in limine* to preclude Janssen from referring to court orders and rulings in other litigation proceedings regarding U.S. Patent No. 9,439,906 should be denied.

OF COUNSEL:

Barbara L. Mullin
Andrew D. Cohen
Aron R. Fischer
Meghan Larywon
Zhiqiang Liu
J. Jay Cho
Joyce L. Nadipuram
Lachlan S. Campbell-Verduyn
Anna Boltyanskiy
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

September 15, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Adam Wyatt Poff, Esquire<br>Pilar G. Kraman, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant Tolmar, Inc.* | *VIA ELECTRONIC MAIL* |
| Kevin Shortsle, Esquire<br>Madison J. Scaggs, Esquire<br>David C. Van Dyke, Esquire<br>HOWARD & HOWARD ATTORNEYS PLLC<br>200 S. Michigan Avenue, Suite 1100<br>Chicago, IL  60604<br>*Attorneys for Defendant Tolmar, Inc.* | *VIA ELECTRONIC MAIL* |
| R. Saleha Mohamedulla, Esquire<br>Daniel A. Balavitch, Esquire<br>HOWARD & HOWARD ATTORNEYS PLLC<br>450 West Fourth Street<br>Royal Oak, MI  48067-2557<br>*Attorneys for Defendant Tolmar, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV,<br><br>    Plaintiffs,<br><br>v.<br><br>TOLMAR, INC.,<br><br>    Defendant. | C.A. No. 21-1784-WCB-SRF |

**TOLMAR'S REPLY BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE*
TO PRECLUDE JANSSEN FROM REFERRING TO COURT ORDERS AND RULINGS
IN OTHER LITIGATION PROCEEDINGS REGARDING U.S. PATENT NO. 9,439,906**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

I.  Court Orders and Rulings from Other Litigation Proceedings Should
    Be Precluded ..............................................................................................................1

## TABLE OF AUTHORITIES

**Page(s)**

**Rules**

Federal Rule of Evidence 402 .................................................................................................1

Federal Rule of Evidence 403 .................................................................................................1

Federal Rule of Evidence 801 .................................................................................................1

Federal Rule of Evidence 802 .................................................................................................1

## I.     Court Orders and Rulings from Other Litigation Proceedings Should Be Precluded

Janssen should be precluded from referring to and relying on court orders and rulings in other litigation proceedings concerning the '906 Patent, including any reference to prior rulings as evidence to support its arguments, as they are irrelevant and have no probative value. Fed. R. Evid. 401, 402, 403. Janssen concedes that the prior court rulings are not binding on this Court and do not involve identical parties. (Janssen's Opposition to Tolmar's Motion *in Limine* to Preclude Janssen From Referring to Court Orders and Rulings ("Response") at 2). Janssen should not be allowed to rely on a prior court's ruling as evidence on any issue yet to be decided in this case.

The parties' use of testimony and evidence from *Janssen Pharmaceuticals, Inc., et al. v. Teva Pharmaceuticals USA, Inc.*, No. 2:18-cv-734 (D.N.J.), is clearly distinguishable from use of a prior ruling/finding of fact. It is inapplicable. To the extent the Court determines the prior rulings are relevant, they should be precluded under Rule 403. In addition, the prior court orders and rulings are inadmissible hearsay. Fed. R. Evid. 801, 802.

| | |
|---|---|
| Dated: September 22, 2023 | YOUNG CONAWAY STARGATT<br>& TAYLOR, LLP<br><br>*/s/ Adam W. Poff*<br>Adam W. Poff (No. 3990)<br>Pilar G. Kraman (No. 5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>pkraman@ycst.com<br><br>Kevin P. Shortsle<br>David C. Van Dyke<br>R. Saleha Mohamedulla<br>Daniel A. Balavitch<br>Madison J. Scaggs<br>HOWARD & HOWARD ATTORNEYS PLLC<br>200 South Michigan Avenue, Suite 1100<br>Chicago, Illinois 60604<br>(312) 456-3682 | Fax: (312) 939-5617<br>KShortsle@HowardandHoward.com<br><br>*Attorneys for Defendant/Counterclaim Plaintiff* |

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 22, 2023, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Jack B. Blumenfeld | Barbara L. Mullin |
| Jeremy A. Tigan | Aron Fischer |
| MORRIS, NICHOLS, ARSHT | Andrew D. Cohen |
| &TUNNELL LLP | Meghan Larywon |
| 1201 North Market Street | Zhiqiang Liu |
| P.O. Box 1347 | J. Jay Cho |
| Wilmington, DE 19899 | Lachlan S. Campbell-Verduyn |
| jblumenfeld@morrisnichols.com | Joyce L. Nadipuram |
| jtigan@morrisnichols.com | Anna Boltyanskiy |
| | PATTERSON BELKNAP WEBB |
| | & TYLER LLP |
| | 1133 Avenue of the Americas |
| | New York, NY 10036-6710 |
| | bmullin@pbwt.com |
| | afischer@pbwt.com |
| | acohen@pbwt.com |
| | mlarywon@pbwt.com |
| | zliu@pbwt.com |
| | jcho@pbwt.com |
| | lcampbellverduyn@pbwt.com |
| | jnadipuram@pbwt.com |
| | aboltyanskiy@pbwt.com |

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Defendant*