IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV, <br><br> Plaintiffs, <br><br> v. <br><br> TOLMAR, INC., <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 21-1784-WCB ) ) ) ) ) |

**FINAL JUDGMENT**

WHEREAS, the Court held a four-day bench trial in this action from October 10 through October 13, 2023; and

WHEREAS, the Court issued an opinion setting forth its Findings of Fact and Conclusions of Law and on February 26, 2024 (D.I. 163):

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV (collectively, "Janssen") and Defendant Tolmar, Inc. ("Tolmar")[1] and the subject matter of this action.

2. Claims 1-21 of the United States Patent No. 9,439,906 ("the '906 patent") are not invalid.

3. For the reasons set forth in the Court's February 26, 2024 Findings of Fact and Conclusions of Law (D.I. 163), Final Judgment is entered in favor of Janssen and against Tolmar

---

[1] Pursuant to the Stipulation and Order Dismissing Without Prejudice Defendants Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holding, Inc. and Amending Caption to Reflect the Same (D.I. 15 ¶ 2), Tolmar Therapeutics, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Holding, Inc. are bound by this Final Judgment, as well as any Judgment, Order, or decision, including any injunction or any appeals thereof rendered as to Tolmar in this Action.

on (a) all claims and counterclaims with respect to infringement and validity of claims 1–7, 15, and 17–21 (as dependent from claims 1 and 4) of the '906 patent and Tolmar's products that are the subject of ANDA No. 211995; and (b) all counterclaims with respect to validity of claims 8–14, 16, and 17–21 (as dependent from claims 8 and 11) of the '906 patent.

4. Pursuant to the Joint Stipulation and Proposed Order Regarding Infringement of U.S. Patent No. 9,439,906 (D.I. 86), Final Judgment is entered in favor of Tolmar and against Janssen on all claims and counterclaims with respect to noninfringement of claims 8–14, 16, and 17–21 (as dependent from claims 8 and 11) of the '906 Patent.

5. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Tolmar's ANDA No. 211995 shall be no earlier than the date of expiration of the '906 patent (currently January 26, 2031).

6. Tolmar's filing of ANDA No. 211995 infringes claims 1–7, 15, and 17–21 (as dependent from claims 1 and 4) of the '906 patent.

7. Tolmar's use, sale or offer for sale in the United States, or importation into the United States of products that are the subject of ANDA No. 211995 would infringe claims 1–7, 15, and 17–21 (as dependent from claims 1 and 4) of the '906 patent.

8. Pursuant to 35 U.S.C. § 271(e)(4)(B), Tolmar and its affiliates, successors, partners, officers, agents, servants, employees, and attorneys, and other persons or entities in active concert or participation with any of them, are hereby enjoined from using, offering to sell, or selling within the United States, or importing into the United States, the products that are the subject of ANDA No. 211995 until no earlier than the expiration of the '906 patent (currently January 26, 2031).

9. For the avoidance of doubt, this Final Judgment does not address and shall have no

effect on any regulatory exclusivities to which Janssen may become entitled after its entry.

10. In accordance with 21 C.F.R. § 314.107(e), Tolmar shall submit a copy of this Final Judgment to the FDA within fourteen (14) days of the date of entry of this Final Judgment by the Court.

11. Pursuant to Fed. R. Civ. P. 54, D. Del. LR 54.1, and 28 U.S.C. § 1920, Janssen may seek its costs, subject to Paragraphs 12 and 13, in an amount to be determined by the Clerk of the Court.

12. In the event that a party appeals this Final Judgment, any motion for attorneys' fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time to petition for certiorari to the United States Supreme Court or, if the appeal is withdrawn or dismissed, within 60 days after such withdrawal or dismissal.

13. In the event that no party appeals this Final Judgment, any motion for attorneys' fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

14. This is a final, appealable judgment.

**IT IS SO ORDERED**, on this 13th day of March, 2024

*/s/ William C. Bryson*
Hon. William C. Bryson
United States Circuit Judge